**Catherine FROMSON, Plaintiff–Appellant,**

v.

**GEORGIA PACIFIC, LLC, a limited partnership, Defendant–Appellee.**

**No. 14–15401.**

United States Court of Appeals, Ninth Circuit.

Submitted March 16, 2016.*

Filed March 21, 2016.

Waukeen Q. McCoy, Law Office of Waukeen McCoy, San Francisco, CA, for Plaintiff–Appellant.

Holly Gaudreau, Esquire, Flora Manship, Esquire, San Francisco, CA, Flora

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Manship, Esquire, Susan Wallis Pangborn, Esquire, Kilpatrick Townsend & Stockton, LLP, Atlanta, GA, for Defendant–Appellee.

Before: FERNANDEZ, GOULD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Catherine Fromson appeals the district court's grant of summary judgment in favor of her former employer, Georgia Pacific, LLC. We reject Fromson's argument that the district court "erred by weighing the evidence on Fromson's gender and age discrimination claims and by failing to draw all inferences in the light most favorable to her as the Plaintiff." The district court properly addressed whether Fromson provided the evidence necessary to defeat the employer's motion for summary judgment under the *McDonnell Douglas*[1] burden-shifting framework. *See Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1028–31 (9th Cir.2006).

Assuming without deciding that Fromson established a prima facie case of discrimination, we conclude that Georgia Pacific presented sufficient evidence of its legitimate business reason for terminating Fromson's position "to rebut the presumption of discrimination." *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 254–55, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Fromson did not "demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in

1. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

the employer's proffered legitimate reasons for its action that a reasonable fact-finder could rationally find them unworthy of credence ... and hence infer that the employer did not act for the ... non-discriminatory reasons." *Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.,* 642 F.3d 728, 746 (9th Cir.2011) (quoting *Morgan v. Regents of the Univ. of Cal.,* 88 Cal.App.4th 52, 105 Cal.Rptr.2d 652, 670 (2000)).

Because Fromson's retaliation claims are assessed under the same framework, they too fail. *See Dawson v. Entek Int'l,* 630 F.3d 928, 936 (9th Cir.2011). And because Fromson does not give any independent reasons to support her wrongful termination tort claim, she also does not raise a triable issue of fact on that claim.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.